**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000452
30-AUG-2012
09:39 AM**

NO. CAAP-11-0000452

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEREMY SALVADOR, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPP NO. 10-1-0047 (CR NOS. 96-0152 AND 96-0725))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Petitioner-Appellant Jeremy Salvador (Salvador),
representing himself, appeals from the "Findings of Fact,
Conclusions of Law, and Order Denying Petition for Post-
Conviction Relief" (Order Denying Petition) that was filed on May
24, 2011, in the Circuit Court of the First Circuit (Circuit
Court).[1]  Salvador requested that the Hawai'i Paroling Authority
(HPA) redetermine his minimum term of incarceration based on
Coulter v. State, 116 Hawai'i 181, 172 P.3d 493 (2007), a
decision of the Hawai'i Supreme Court that had recently been
decided.  The HPA agreed that under Coulter, Salvador was
entitled to a new hearing to reset his minimum term.  After
holding the new hearing, the HPA increased Salvador's minimum
term from forty years to fifty years.

---

[1] The Honorable Randall K.O. Lee presided over the proceedings relevant
to this appeal.

Salvador challenged the HPA's decision to increase his minimum term of incarceration by filing a "Petition for Post-Conviction Relief" (Petition) pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006). The Circuit Court denied the Petition without a hearing, and issued the Order Denying Petition.

The crux of Salvador's appeal is that the Circuit Court erred in denying his Petition without a hearing because he raised a colorable claim that the HPA violated his rights in increasing the minimum term on his second-degree murder conviction from forty to fifty years without justification. As explained below, pursuant to this court's decision in Fukusaku v. State, 126 Hawai'i 555, 273 P.3d 1241 (App. 2012), we conclude that the Circuit Court erred in denying Salvador's Petition without a hearing. We vacate the Order Denying Petition and remand the case for a hearing on Salvador's Petition and further proceedings consistent with this Summary Disposition Order.[2]

I.

Salvador was convicted of second-degree murder and criminal solicitation. The Circuit Court sentenced Salvador in April 1997 to concurrent terms of life imprisonment with the possibility of parole on his second-degree murder conviction and twenty years of imprisonment on his criminal solicitation conviction. In July 1997, the HPA held a hearing to determine Salvador's minimum terms of incarceration and set his terms at forty years for the second-degree murder and twenty years for the criminal solicitation, with the minimum terms to be served concurrently. The HPA's order fixing Salvador's minimum terms did not specify Salvador's level of punishment and the

---

[2] Salvador claims on appeal that his counsel was ineffective for failing to file an appeal of the HPA's new minimum term determination. We conclude that he is not entitled to relief on that claim. Salvador has been able to challenge the HPA's new minimum term determination through his Petition under HRPP Rule 40, which is an appropriate means for a prisoner to challenge the HPA's minimum term determination. Coulter, 116 Hawai'i at 184, 172 P.3d at 496.

significant criteria upon which his minimum terms were based, as required by HPA's "Guidelines for Establishing Minimum Terms of Imprisonment" (HPA's Guidelines). In 2004, Salvador filed a petition for post-conviction relief (Prior Petition), challenging his forty-year minimum term on his second-degree murder conviction. The Circuit Court denied the Prior Petition, and Salvador's appeal was dismissed for failure to file an opening brief.

In 2007, the Hawai'i Supreme Court decided Coulter. In Coulter, as in Salvador's case, the HPA's order setting Coulter's minimum term of incarceration did not specify the level of punishment and significant criteria on which the HPA's minimum term decision was based, as required by the HPA's Guidelines. Coulter, 116 Hawai'i at 182, 185, 172 P.3d at 494, 497. The supreme court held that the HPA's deviation from the HPA's Guidelines, without explanation, constituted arbitrary or capricious action that violated Coulter's right to uniform determination of his minimum term. Id. at 185, 172 P.3d at 497. The supreme court remanded the case with directions that required the HPA to hold a new hearing to determine Coulter's minimum term. Id. at 187, 172 P.3d at 499.

Salvador subsequently submitted a letter to the HPA which cited Coulter and requested a new minimum term hearing. The HPA responded by sending a letter to Salvador notifying him that, in light of Coulter, the HPA would hold a new minimum term hearing. The HPA's letter further stated that "[a]t this hearing, the [HPA] will have the option of determining if the current minimum term is appropriate or a greater or lesser term should be imposed."

On July 15, 2009, the HPA held a new minimum term hearing for Salvador. After the hearing, the HPA issued an order which increased the minimum term for Salvador's second-degree

3

murder conviction from forty to fifty years.[3/]  The HPA's order
states that the level of punishment is "Level III" and describes
the significant factors in identifying the level of punishment as
"(1) Nature of Offense; [and] (2) Degree of Loss to Person."

Salvador filed the instant Petition challenging the
HPA's decision to increase his minimum term by ten years.  The
Circuit Court concluded that Salvador failed to raise a colorable
claim for relief and denied the Petition without a hearing.  This
appeal followed.

## II.

On appeal, Salvador argues that the HPA increased his
minimum term from forty to fifty years without justification and
that the Circuit Court erred in denying his Petition without a
hearing on the ground the he failed to raise a colorable claim
for relief.  We conclude that Salvador presented a colorable
claim for relief that the HPA violated his rights by increasing
his minimum term of incarceration by ten years without adequate
justification.  We therefore conclude that the Circuit Court
erred in denying Salvador's Petition without a hearing.

### A.

> A petition filed pursuant to HRPP Rule 40 is an
> appropriate means for a prisoner to challenge a minimum term
> of imprisonment set by the HPA. Coulter v. State, 116
> Hawai'i 181, 184, 172 P.3d 493, 496 (2007).  With respect to
> HPA decisions establishing a minimum term, "judicial
> intervention is appropriate where the HPA has failed to
> exercise any discretion at all, acted arbitrarily and
> capriciously so as to give rise to a due process violation,
> or otherwise violated the prisoner's constitutional rights."
> Williamson v. Hawai'i Paroling Auth., 97 Hawai'i 183, 195, 35
> P.3d 210, 222 (2001) (emphasis added).

> We review a trial court's denial of an HRPP Rule 40
> petition without a hearing for failure to present a
> colorable claim de novo. Dan v. State, 76 Hawai'i 423, 427,
> 879 P.2d 528, 532 (1994).

> As a general rule, a hearing should be held on a
> Rule 40 petition for post-conviction relief where the

---

[3/] The HPA's order did not refer to or set a new minimum term for
Salvador's criminal solicitation conviction.  Salvador's appeal does not
present any argument concerning the original twenty-year minimum term on his
criminal solicitation conviction, and we do not address the validity of the
minimum term on this conviction.

> petition states a colorable claim.  To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the [outcome of the challenged proceeding], however, a petitioner's conclusions need not be regarded as true.  Where the examination of the record of the trial court proceedings indicates that the petitioner's allegations show no colorable claim, it is not error to deny the petition without a hearing.  The question on appeal of a denial of a Rule 40 petition without a hearing is whether the trial record indicates that Petitioner's application for relief made such a showing of a colorable claim as to require a hearing before the lower court.

> Id. (emphasis omitted) (quoting State v. Allen, 7 Haw.App. 89, 92-93, 744 P.2d 789, 792-93 (1987)); see State v. Bowers, 192 Ariz. 419, 966 P.2d 1023, 1026 (Ariz. Ct. App.1998) ("In order to receive an evidentiary hearing, the Petitioner must present a 'colorable claim' -- one which, if true, would have changed the outcome of the proceeding.").

Fukusaku, 126 Hawai'i at 559-60, 273 P.3d at 1245-46 (brackets in original; footnote omitted).[4]

B.

In Fukusaku, the HPA increased Fukusaku's aggregate minimum term of incarceration from forty to fifty years after he successfully challenged portions of his court-imposed sentence. Fukusaku, 126 Hawai'i at 558-59, 273 P.3d at 1224-45.  We stated:

> [I]t would be arbitrary and capricious for the HPA to impose an increased minimum term based on the same information it had when it imposed the original (lower) minimum term before the successful challenge.  Based on the policies and due process concerns underlying HRS § 706-609 and [North Carolina v.] Pearce[, 395 U.S. 711 (1969)], and the statutes and guidelines applicable to the HPA's establishment of a minimum term of incarceration, we conclude as follows: The HPA "act[s] arbitrarily and capriciously so as to give rise to a due process violation[,]" Williamson, 97 Hawai'i at 195, 35 P.3d at 222, when it increases a defendant's minimum term of incarceration after a resentencing occasioned by the defendant's successful appeal of a conviction or court-imposed sentence, without affirmatively justifying the increase in the record by identifying new objective

---

[4] HRPP Rule 40(f) (2006) provides in relevant part:

   (f) Hearings.  If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer.  However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. . . .

> information or changed circumstances not presented at the time the original minimum term was determined. The requirement that the HPA's justification for the increased minimum term appear in the record is necessary to permit meaningful judicial review of the HPA's decision, to further the legislative goal of uniformity in minimum term determinations, to protect the expectations arising from the original minimum term determination, to protect the defendant's exercise of his or her rights to challenge a conviction or sentence, and to avoid unfairly chilling a defendant from exercising such rights.

Id. at 564-65, 273 P.3d at 1250-51 (footnote omitted) (some brackets in original).

In Fukusaku, we noted that the HPA's order that increased Fukusaku's aggregate minimum term from forty to fifty years did not justify the increased minimum term by identifying any new objective information or changed circumstances that had not been presented to the HPA when it originally set Fukusaku's aggregate minimum term at forty years. Id. at 565, 273 P.3d at 1251. The HPA's order only identified the "Nature of Offense" as the justification for its decision, even though there was no indication in the existing record that the nature of Fukusaku's offenses, or the HPA's information concerning the nature of those offenses, had changed in any manner detrimental to Fukusaku since the HPA's original minimum term determination. Id.

Under the circumstances presented, we concluded that Fukusaku's HRPP Rule 40 petition "presented a colorable claim that the HPA 'acted arbitrarily and capriciously so as to give rise to a due process violation,' Williamson, 97 Hawai'i at 195, 35 P.3d at 222, by increasing Fukusaku's aggregate minimum term without providing an adequate justification." Fukusaku, 126 Hawai'i at 565, 273 P.3d at 1251 (brackets omitted). We also concluded that "given the lack of pertinent evidence in the record regarding the HPA's justification for the increased aggregate minimum term, Fukusaku's [petition] presented a colorable claim of actual vindictiveness." Id. We held that the circuit court had erred in denying Fukusaku's petition without a hearing, and we remanded the case for a hearing. Id.

C.

We conclude that Fukusaku controls our decision in this case.  Although Salvador's new minimum term hearing was not the result of a successful appeal by Salvador, the HPA agreed to Salvador's request for a new minimum term hearing because, in Coulter, the Hawai'i Supreme Court had invalidated the HPA's minimum term determination on facts almost identical to Salvador's case.  The same concerns expressed in Fukusaku regarding uniformity in minimum term determinations and avoiding unfairly chilling a defendant's exercise of his or her rights apply to Salvador's case.  The HPA's new minimum term order for Salvador's second-degree murder conviction cites only Nature of Offense and Degree of Loss to Person as the factors supporting its new minimum term decision.  But, as in Fukusaku, there is no indication that these factors, or the HPA's information regarding these factors, had changed in any manner detrimental to Salvador since the HPA's original minimum term determination.

Based on Fukusaku, we conclude that Salvador has presented colorable claims that the HPA acted arbitrarily and capriciously so as to give rise to a due process violation and was motivated by actual vindictiveness, by increasing Salvador's minimum term from forty to fifty years without providing an adequate justification.  See id.  Accordingly, the Circuit Court erred in denying Salvador's Petition without holding a hearing on these claims.  On remand, the Circuit Court shall hold a hearing to determine whether the HPA acted arbitrarily and capriciously or was motivated by actual vindictiveness in increasing Salvador's minimum term of imprisonment.  In making this determination, the Circuit Court shall ascertain whether the HPA affirmatively justified its decision to increase Salvador's minimum term in the record by identifying new objective information or changed circumstances that were not presented to the HPA at the time it made the original minimum term

7

determination. See id. at 566, 273 P.3d at 1252.[5/] The Circuit Court shall also consider whether there is evidence that the HPA's decision to increase Salvador's minimum term was motivated by an intent to punish Salvador for requesting a new minimum term determination based on Coulter. See id. On remand, the parties shall have the opportunity to present transcripts of the HPA's original and new minimum term hearings and any other pertinent evidence to the Circuit Court.[6/] See id.

III.

We vacate the Order Denying Petition, and we remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, August 30, 2012.

On the briefs:

Jeremy Salvador
Petitioner-Appellant Pro Se

Lisa M. Itomura
Diane K. Taira
Deputy Attorneys General
for Respondent-Appellee

_Craig H. Nakamura_
Chief Judge

_[signature]_
Associate Judge

_[signature]_
Associate Judge

---

[5/] The relief we grant to Salvador based on Fukusaku is substantially the same as that available where the presumption of vindictiveness applies under North Carolina v. Pearce, 395 U.S. 711 (1969), and its progeny. Therefore, we need not decide whether the presumption of vindictiveness applies under the circumstances of this case.

[6/] In light of our decision to remand the case for a hearing, we do not resolve the merits of Salvador's challenges to the Circuit Court's rulings beyond those specifically addressed in our decision. On remand, the parties and the Circuit Court will have the opportunity to address the claims raised in Salvador's Petition on a more fully developed record.